# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| In re:<br><br>**Sung Hun Hong**<br><br><br>Debtor(s). | Case No. **06-13473 KAO**<br><br>CHAPTER 13 PLAN<br><br>_ **X** _ ORIGINAL   __ AMENDED<br><br>Date:   **November  2, 2006** |

1. **Plan Payments:**

   No later than 30 days after the filing of the Plan or the order for relief, whichever date is earlier, the Debtor(s) will commence making payments to the Trustee as follows:

   A. AMOUNT: **$17,354.15 Monthly  or by immediate refinance or sale of residence**

   B. TAX REFUNDS: Debtor(s) _ **X** _ COMMITS;__ DOES NOT COMMIT; all tax refunds to funding the Plan. Committed refunds shall be paid in addition to the plan payment stated above. If no selection is made, tax refunds are committed.

   C. PAYMENTS: Plan payments shall be deducted from the Debtor(s) wages unless otherwise agreed to by the Trustee or ordered by the Court.

   D. OTHER:

2. **Plan Duration:**

   Debtor(s) estimate the Plan will run approximately _ **36** _ months. Plan may be extended up to 60 months after the first payment is due if necessary to complete the Plan.

3. **Distribution of Plan Payments:**

   The Trustee shall disburse funds received in the following order:

   A. ADMINISTRATIVE EXPENSES:

      1. Trustee.  The percentage set pursuant to 28 USC §586(e).

      2. Other administrative expenses. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).

      3. Attorney's Fees:  Original attorney's fees of $_ **1,800.00*** ; of which $_ **0.00** _ remains unpaid.

        Select applicable option: a. _ **X** _ Prior to all creditors; b. __ Monthly payments of $__;

        c. __ All remaining funds available after designated monthly payments to the following creditors: __.

        d. __ Other: __

        If no selection is made, fees will be paid after monthly payments specified in Paragraphs 3B and 3C.

   B. CURRENT DOMESTIC SUPPORT OBLIGATION: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order as follows (if left blank, no payments shall be made by the Trustee):

   | Creditor | Monthly Payment |
   |---|---|
   | -NONE- | $ |

   C. SECURED CLAIMS:  Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below. Unless ranked otherwise, payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than current mortgage payments and continuing payments and except as provided in 26 USC § 6621(a)(2) and 11 USC § 1322(b)(2) as limited by 11 USC § 1325(a), will be paid the amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest from the Petition filing date. Interest rate and monthly payment in the Plan control unless a creditor timely files an objection to confirmation. Value of collateral stated in the Proof of Claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law. **Any creditors holding allowed secured claims not specified below shall not receive payment from the Trustee.** If the interest is left blank, the applicable interest rate shall be 12%.

[Local Bankruptcy Form 13-3] * or $275 per hour, whichver is greater.

Software Copyright (c) 1996-2005 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

1. <u>Payments That Will Continue Beyond The Term Of The Plan</u> (Interest included in payments at contract rate, if applicable):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment |
|---|---|---|---|---|
| 1 | Aurora Loan Services | First Mortgage | Location: 6427 Lake Washington Blvd NE, Kirkland WA $4,085,000.00 (value decreased for costs of sale) | $ 9,896.00 |
| 1 | Centrum Financial Services Inc | Second Mortgage | Location: 6427 Lake Washington Blvd NE, Kirkland WA $4,085,000.00 (value decreased for costs of sale) | $ 11,000.00 |
| 1 | King Co Dept of Treasury | Current RE Taxes | Location: 6427 Lake Washington Blvd NE, Kirkland WA $4,085,000.00 (value decreased for costs of sale) | $ 1,628.72 |

2. <u>Mortgage Arrearage/Property Tax Arrearage Payments</u>:

| Rank | Periodic Payment | Creditor | Property | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| 2 | $ 1,677.93 | Aurora Loan Services | Location: 6427 Lake Washington Blvd NE, Kirkland WA $4,085,000.00 (value decreased for costs of sale) | $ 93,964.09 | 0 % |
| 2 | $ 2,025.00 | Centrum Financial Services Inc | Location: 6427 Lake Washington Blvd NE, Kirkland WA $4,085,000.00 (value decreased for costs of sale) | $ 113,400.00 | 0 % |
| 2 | $ 232.79 | King Co Dept of Treasury | Location: 6427 Lake Washington Blvd NE, Kirkland WA $4,085,000.00 (value decreased for costs of sale) | $ 9772.3 | 12 % |

3. <u>Other Claims Secured by Personal Property</u>:

    (a). Unless written consent to the alternative treatment as set forth below is filed with the court, the trustee shall pay the contract balance as stated in the Proof of Claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) **within 910 days** preceding the filing date of the Petition or in other personal property acquired within **one year** preceding the filing date of the Petition as follows. Debtor(s) stipulate that pre-confirmation adequate protection payments shall be paid by the Trustee as specified. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

    (i).  Payment of contractual balance.

| Rank | Equal Periodic Payment | Creditor | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|---|---|---|---|---|---|
| 2 | $ 95.53 | Jaguar Credit | 2004 Jaguar X-Type 4-door sedan with 4wd, automatic transmission and 40,000 miles at residence | $ 0.00 | 8.25 % |
| 2 | $ 760.29 | Mercedes Benz Credit Corp. | 2004 Mercedes-Benz SL55 2-door coupe with automatic transmission and 14000 miles at residence | $ 0.00 | 8.25 % |

[Local Bankruptcy Form 13-3]

(ii). Proposed Alternative Treatment, which shall not be binding upon the creditor without written consent filed with the court.

| Rank | Equal Periodic Payment | Creditor | Debtor(s) Value of Collateral | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|------|------|------|------|------|------|------|
| _____ | $_____ | -NONE- | $_____ | | $_____ | _____% |

(b). The following secured claims are **not** for a motor vehicle acquired for the personal use of the Debtor(s) within 910 days preceding the filing date of the Petition and are **not** for other personal property acquired within one year preceding the filing date of the Petition. Debtor(s) stipulate that pre-confirmation adequate protection payments shall be paid by the Trustee as specified. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| Rank | Equal Periodic Payment | Creditor | Debtor(s) Value of Collateral | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|------|------|------|------|------|------|------|
| _____ | $_____ | -NONE- | $_____ | | $_____ | _____% |

D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

E. NONPRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

1. Specially Classified Unsecured Claims. The Trustee shall pay prior to other nonpriority unsecured claims as follows:

| Rank | Creditor | Amount of Claim | Percentage to be Paid | Reason for Special Classification |
|------|------|------|------|------|
| _____ | -NONE- | $_____ | _____% | |

2. Other Unsecured Claims. The Debtor(s) will pay 100% to claimants in this class, or pay projected disposable income for no less than the Applicable Commitment Period of either 36 or 60 months as stated below (**choose a. or b., but not both**):
   (a). % paid to unsecureds:  100%  __X__  **OR**
   (b). Pursuant to 11 USC § 1325(b), debtor(s) projected disposable income during the applicable commitment period of no fewer than ___ months totals $___, and not less than that total amount shall be distributed to allowed nonpriority unsecured claims. Plan would thus yield approximately ___% to nonpriority unsecureds. Percentage may vary depending upon funds available after payments required under Paragraphs 3A-3E1 and upon total of claims filed.

**4. Secured Property Surrendered:**
The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this paragraph are granted relief from the automatic stay to enforce their security interest against the property including taking possession and sale.

| Creditor | Property to be Surrendered |
|------|------|
| -NONE- | |

**5. Executory Contracts and Leases:**
The Debtor(s) will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor(s) under Paragraph 6, unless otherwise specified in Paragraph 10 with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected. If rejected, the Debtor(s) shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under paragraph 3E2.

| Contract/Lease | Assumed or Rejected |
|------|------|
| Jaguar Credit | Assumed |
| Mercedes Benz Credit Corp. | Assumed |

**6. Payments Made by Debtor(s) and not the Trustee:**
The following creditors shall be paid directly by the Debtor(s) according to the terms of the contract or support or withholding

[Local Bankruptcy Form 13-3]

order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party)

A.  DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be paid directly by the Debtor(s) as follows:

| **Creditor** | **Current Monthly Support Obligation** | **Monthly Arrearage Payment** |
|---|---|---|
| -NONE- | $ | $ |

B.  OTHER DIRECT PAYMENTS:

| **Creditor** | **Nature of Debt** | **Amount of Claim** | **Monthly Payment** |
|---|---|---|---|
| -NONE- | | $ | $ |

**7.  Revestment of Property:**

Unless otherwise provided in Paragraph 10, during the pendency of the plan all property of the estate as defined by 11 USC § 1306(a) shall remain vested in the Debtors, except that earnings and income necessary to complete the terms of the Plan shall remain vested in the Trustee until discharge. The Debtor(s) shall not, without approval of the Court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed Plan.

**8.  Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**

No less than $  1,666,050.70   shall be distributed to priority and nonpriority unsecured claims. Under 11 USC §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Paragraphs 3D and 3E shall be paid at the rate of 5.2% per annum from the Petition filing date (no interest shall be paid if left blank).

**9.  Certification:**

A.  The Debtor(s) certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this Plan and will be paid in full at the time of the confirmation hearing. Debtor acknowledges that timely payment of such post-petition Domestic Support Obligations is a condition of Plan confirmation pursuant to 11 USC § 1325(a)(8).

B.  The Debtor(s) or their attorney certifies that this Plan does not alter the provisions of Local Bankruptcy Form 13-3 except as follows: See Section 10.

**10.  Other Plan Provisions:** The attached addendum is incorporated herein by reference.

| /s/ J. Bradley Gibson | /s/ Sung Hun Hong | xxx-xx-7741 | | November  2, 2006 |
|---|---|---|---|---|
| **J. Bradley Gibson 28170** | **Sung Hun Hong** | Last 4 digits SS# | Birthdate | Date |
| Attorney for Debtor(s) | DEBTOR | | | |
| **November  2, 2006** | | | | |
| Date | DEBTOR | Last 4 digits SS# | Birthdate | Date |

Addendum to Chapter 13 Plan of Sung Hun Hong, Dated November 2, 2006

10(a) Any refund to debtor(s) upon dismissal or conversion shall be disbursed through counsel.

10(b) No monies shall be paid to general unsecured creditors until all secured, administrative and priority unsecured creditors are paid in full; provided that no claim shall be paid before it is due.

10(c) Secured creditors shall not assess on their books or otherwise against the debtor(s) herein any late charges provided payments from the debtor to the Chapter 13 Trustee are current.

10(d) The mailing of any of the notices, statements or other information to the debtor(s) by secured creditors or their agents or attorneys shall not be a violation of the automatic stay or privacy laws.

10(e) The Chapter 13 Trustee may change plan payments as necessary to accommodate future mortgage payment changes, homeowner's dues or real property tax holding account changes.

10(f) Payments to secured or priority creditors shall be deemed current for credit reporting purposes and creditors shall not report any payments as late to credit bureaus provided payments from the debtor to the Chapter 13 Trustee are current per the Ch. 13 Trustee's website.

10(g) Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(I).

10(h) All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

10( i) The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) or the Chapter 13 Trustee.

10(j) During the pendency of the plan all property of the estate as defined by 11 U.S.C. §1306(a) shall remain vested in the Trustee until discharge.